Abraham J. Gellinoff, J.
Motions Nos. 30, 31, 32, 33, 34, 36 and 43 of September 17, 1976, and No. 97 of September 20, 1976, are consolidated. All motions to intervene, and to appear amici curiae are granted.
This proceeding pursuant to CPLR article 78 brings to this court "the troublesome question of where lies the line between permissible and federally preempted state regulation of union activities” (Hanna Mining v Marine Engs., 382 US 181, 183).
Petitioner, the Committee of Interns and Residents, has been, since 1957, the collective bargaining representative of the interns, residents and clinical fellows working in various nonprofit hospitals in this city. And it has been recognized as such by the New York State Labor Relations Board, which has determined that such workers are covered employees under subdivision 12 of section 701 of the Labor Law (see Matter of Brooklyn Eye and Ear Hosp., 32 NY SLRB No. 21).
The instant proceeding arose as the result of complaints made by petitioner to respondent, the State Labor Relations Board, of unfair labor practices by various of the intervening nonprofit hospitals. Specifically, it was alleged that the hospitals refused to engage in collective bargaining with petitioner. Respondent dismissed the petitions on the ground that a recent amendment to the National Labor Relations Act (US Code, tit 29, § 151 et seq.) had made the question of the State board’s jurisdiction "certainly not free from doubt.” The board continued: "Cogent arguments can be, and have been made on both sides of the issue. On balance, we have concluded that further processing of this matter before this Board is not warranted at this time. Accordingly, we shall dismiss the petition” (Misericordia Hosp. Med. Center, 39 NY SLRB No. 32 [1976]).
In its present petition, petitioner asserts that it is making an argument in support of the State board’s jurisdiction which *504 is not only "cogent”, but correct, and that the court must vacate the board’s dismissal of the various petitions, and direct it to consider them on the merits. The intervening hospitals assert that the National Labor Relations Act has pre-empted State jurisdiction over them, and that the State board’s dismissals should be upheld.
Prior to 1974, the National Labor Relations Act specifically excluded from its definition of "employer” any "corporation or association operating a hospital, if no part of the net earnings inures to the benefit of any private shareholder or individual” (US Code, tit 29, § 152, former subd [2]). In 1974, the act was amended to delete the quoted language, and to, instead, provide that "any hospital, convalescent hospital, health maintenance organization, health clinic, nursing home, extended care facility, or other institution devoted to the care of sick, infirm or aged person” is an "employer” pursuant to the act (US Code, tit 29, § 152, subd [14]). It is beyond dispute that, in general, this amendment has brought all of the intervening voluntary hospitals within the jurisdiction of the National Labor Relations Board.
After the 1974 amendments, the National Labor Relations Board considered the status of organizations representing interns, residents and clinical fellows. And, over a vigorous dissent, a majority of the board determined that interns, residents and clinical fellows are not "employees” as defined in title 29 (§ 152, subd [3]) of the United States Code, but students. Therefore, the board held that, "no question affecting commerce exists concerning the representation of 'employees’ of the Employer within the meaning of Section 9(c) of the [National Labor Relations] Act, and we shall dismiss the petition herein” (Cedars-Sinai Med. Center, 223 NLRB No. 57 [1976]).
The primary issue therefore presented in this proceeding is whether the State Labor Relations Board’s historic jurisdiction over interns, residents and clinical fellows has been usurped by the 1974 amendments to the National Labor Relations Act, and by the determination of the National Labor Relations Board that they are students rather than employees.
As Mr. Justice Harlan aptly expressed it in the quotation that began this decision, the issue of Federal pre-emption in labor matters is "troublesome”. Various decisions of the Supreme Court of the United States can be relied upon for almost any general proposition on the issue of pre-emption. *505 But what emerges from a synthesis of those cases, it seems to this court, is that State jurisdiction is defeated when the Federal statute, as authoritatively interpreted, either specifically governs the issue in question, or specifically intends to xelegate it to a "no man’s land” whexe no regulation is to be permitted (see Bethlehem Co. v State Bd., 330 US 767; Hanna Min Co. v Marine Engs., 382 US 181, supra).
Here, although the national board has taken jurisdiction generally over the nonprofit hospitals, it has concluded that the act does not provide it with jurisdiction over interns, residents and clinical fellows. The National board did not hold in Cedars-Sinai, as it, and the Supreme Court, did in Bethlehem (supra), that, for reasons of national labor policy, interns, residents and clinical fellows ought not be deemed an appropriate separate bargaining group. Rather, it has simply held that they do not come within the statutory definition of "employee” under the National Labor Relations Act. Furthermore, neither in the language of the National Labor Relations Act, nor in the National board’s ruling in Cedars-Sinai, is there any indication of an intention that these vital members of a hospital’s working staff should be bereft of any labor regulation at all.
The intervenors’ principal argument in opposition, that, since they as employers are covered by the National Labor Relations Act, that act has "filled the field” and eliminated any possible State jurisdiction, has been laid to rest by the most recent determination of the National board. In a spate of cases following Cedars-Sinai, the National board dismissed the petitions solely on the ground that the status of the interns, residents and clinical fellows involved were "not unlike” that of those involved in Cedars-Sinai. But, in its most recent decision involving interns, residents and clinical fellows, the National board expanded its ruling, and held that the not-for-profit hospital there involved "is not an 'employer’ within the meaning of Section 2(2) of the Act (29 U.S.C. § 152 [2]) for the purpose of any disputes relating to such personnel” (Kansas City Gen. Hosp., 225 NLRB No. 13 [1976]).
Since, then, as the National board has now ruled, the intervening hospitals are not "employers” as defined by the National Labor Relations Act with respect to disputes relating to interns, residents and clinical fellows, it follows that the jurisdiction of respondent State board over disputes between petitioner and the intervening hospitals is unaffected by the *506 1974 amendments to the National Labor Relations Act, and therefore the board retains the same jurisdiction it previously possessed.
The court thus concludes that the general inclusion of the intervening hospitals in the definition of “employers” under the National Labor Relations Act does not, under the particular facts of this case, pre-empt the State Labor Relations Board from exercising jurisdiction with respect to the petitions made to it by petitioner. Whether the State board ought to follow the interpretation of the National board in Cedars-Sinai, or whether it should continue to recognize petitioner as a valid collective bargaining representative, as it has in the past, is not for this court to determine. This court only finds that the board has, and should exercise, its jurisdiction.
Additional arguments raised by the intervening hospitals are plainly without merit. The decision of the State board dismissing the various petitions before it was sufficiently final for this court to exercise its powers pursuant to CPLR article 78. And petitioner was not first required to petition the National board in order to exhaust administrative remedies. The National board has made clear in the many cases it has determined since Cedars-Sinai that as a general proposition it considers interns, residents and clinical fellows to be students, not employees. Moreover, the intervening hospitals have not shown or even attempted to show any distinguishing facts that would make petitioner’s members any different from those as to whom the National board has declined jurisdiction.
The petition is granted; the determinations of the State Labor Relations Board are vacated, and the respective petitions are remanded to the board for further consideration not inconsistent with this opinion.