Abraham J. Gellinoff, J.
Motion to reargue is granted.
In its decision dated October 14, 1976, this court granted petitioner’s application under CPLR article 78, and directed *425 respondent State Labor Relations Board to reconsider petitioner’s complaints of unfair labor practices (88 Misc 2d 502). Respondents had argued that the determination of the National Labor Relations Board that petitioner’s members were not “employees” under the National Labor Relations Act (US Code, tit 29, § 151 et seq.) had pre-empted State determination that petitioners were "employees” under the State labor relations act. (Labor Law, § 701, subd 12.) This court, relying principally upon the language of the National Labor Relations Board in Kansas City General Hosp. (255 NLRB No. 13 [1976]) that a hospital "is not an 'employer’ within the meaning of Section 2(2) of the Act * * * for the purpose of any disputes relating to such personnel”, concluded that the National board had not pre-empted jurisdiction over petitioner’s members. This court held that: "Since, then, as the National board has now ruled, the intervening hospitals are not 'employers’ as defined by the National Labor Relations Act with respect to disputes relating to interns, residents and clinical fellows, it follows that the jurisdiction of respondent State board over disputes between petitioner and intervening hospitals is unaffected by the 1974 amendments to the National Labor Relations Act, and therefore the [State] board retains the same jurisdiction it previously possessed” (88 Misc 2d 502, 505-506, supra). Following that decision, and the judgment which effectuated it, however, the National Labor Relations Board has again spoken to the issue. Apparently prompted by this court’s decision, the National Labor Relations Board, sua sponte, undertook to revise its decision and order in Kansas City General Hosp. The board stated: "Since its issuance, the Board’s Decision and Order herein has been cited, specifically by the Supreme Court of the State of New York, in support of the view that the Board does not consider state jurisdiction over interns and residents to have been preempted by the 1974 health care amendments to the National Labor Relations Act. To eliminate unnecessary language appearing in the Board’s Decision and Order herein, which in our view has prompted the New York Supreme Court to resolve improperly the preemption question, and to eliminate any doubt that it was the intention of a majority of the Board, in Cedars-Sinai, to find state jurisdiction over residents, interns and fellows to have been preempted by the Federal statute, we have decided, sua sponte, to reconsider and revise the Decision and Order issued in the above-entitled proceeding and to substitute this Decision for the earlier one” (225 NLRB No. 14A [1976]). The *426 board having, at last, clearly indicated what its intention was in the line of cases commencing with Cedars-Sinai Med. Center (223 NLRB No. 57 [1976]), the issue of pre-emption is beyond this court’s power to determine. Petitioner’s remedy lies with the Federal courts, or with Congress, to review the accuracy and sagacity of the board’s interpretation of the National Labor Relations Act. The board’s finding that "federal preemption of the health care field” precludes "States from exercising their power to regulate in this area” (Kansas City General Hosp., supra), is binding upon this court.
Accordingly, the prior decision and judgment of this court must be recalled and vacated, the application for relief pursuant to CPLR article 78 denied, and the petition dismissed.
(On further reargument, January 20, 1977)
Petitioner moves for an order withdrawing this court’s decision dated January 6, 1977, which granted respondents’ motion for reargument and, upon such reargument, denied petitioner’s application and dismissed the petition. Petitioner disagrees with this court’s conclusion that in light of the National Labor Relations Board’s most recent pronouncement in Kansas City General Hosp. (255 NLRB No. 14A [1976]), "the issue of pre-emption is beyond this court’s power to determine.”
Petitioner first contends that in its decision the board does not definitively state that it views the National Labor Relations Act (US Code, tit 29, § 151 et seq.) as pre-empting the entire field in which the issues involved in this litigation arise. But this assertion is not correct. The majority of the board held: "Turning to the preemption question, we believe that it has now become necessary for us to state explicitly that which is, in our view, implicit in the Board’s Decision in Cedars-Sinai; that is, at the risk of being somewhat repetitious, that the majority of this Board intended by its decision therein to find federal preemption of the health care field to preclude States from exercising their power to regulate in this area. It is our judgment that the Congress, in passing the 1974 health care amendments, simply made a determination that residents, interns, and fellows, inter alla, were not supervisors within the meaning of the Act, but left the question as to whether they were 'employees’ entitled to collective-bargaining rights for resolution by the Board in the exercise of its discretion. Having exercised its discretion in Cedars-Sinai, by *427 finding residents, interns, and fellows to be primarily students and not 'employees’ within the meaning of the Act, the Board confirmed, in our view, that it has not put hospital residents and interns beyond the reach of national labor policy, but has rather held that to extend them collective-bargaining rights would be contrary to that very policy.”
In the face of this unequivocal statement, petitioner’s reference to the interpretation of the decision made by member Fanning in his dissent, or to statements made by counsel for the board during oral argument in a related Federal court proceeding, is entirely unavailing. The National Labor Relations Board has stated its view plainly. It finds that there is Federal pre-emption of the precise issue involved in this litigation.
Petitioner further argues that, notwithstanding a finding of Federal pre-emption by the National Labor Relations Board, the question of Federal pre-emption may be determined independently by this court. The law, however, is to the contrary.
In Marine Engineers v Interlake Co. (370 US 173), the National board had concluded that petitioner unions were "labor organizations” pursuant to the National Labor Relations Act. Nonetheless, a State court held that they were not. The Supreme Court reversed, finding the State court powerless to act in the face of the National board’s determination, saying:
"This was a case, therefore, where a state court was shown not simply the arguable possibility of Labor Board jurisdiction over the controversy before it, but that the Board had actually determined the underlying issue upon which its jurisdiction depended, i.e., that MEBA was a 'labor organization’ for purposes of § 8(b) of the Act. In the absence of a showing that this position had been authoritatively rejected by the courts, or abandoned by the Labor Board itself, we hold that it was the duty of the state court to defer to the Board’s determination.
"The need for protecting the exclusivity of NLRB jurisdiction is obviously greatest when the precise issue brought before a court is in the process of litigation through procedures originating in the Board. While the Board’s decision is not the last word, it must assuredly be the first. In addition, when the Board has actually undertaken to decide an issue, relitigation in a state court creates more than theoretical danger of actual conflict between state and federal regulation *428 of the same controversy. 'Our concern’ here, as it was in the Garmon case, 359 U.S., at 246, 'is with delimiting areas * * * which must be free from state regulation if national policy is to be left unhampered’” (370 US 173, 184-185, supra; see, also, Bethlehem Steel Co. v State Bd., 330 US 767, 774-775).
Petitioner’s attempt to distinguish the holding of Marine Engineers from the instant case is unpersuasive. It is not relevant that the instant case involves interpretation of a different section of the National Labor Relations Act. The point is that both cases concern the issue of the appropriate forum to test the National board’s interpretation. The Supreme Court held in Marine Engineers that a State court is not the appropriate forum.
Nor may petitioner take comfort from the statement in the above-quoted holding in Marine Engineers that the court must defer to the board "[i]n the absence of a showing that this position had been authoritatively rejected by the courts” (emphasis added). From the context, and particularly from the footnote following that clause, it is evident that the court meant the Federal courts.
Finally, petitioner argues that, as a matter of constitutional law, the National board may not "make a final, binding and nonreviewable decision of what is ultimately a constitutional matter,” and that "the presumption of a right to judicial review of administrative action is well settled in our jurisprudence”. No one disputes those contentions. Petitioner does not lack a remedy; but that remedy lies, as this court stated in its decision of January 6, "with the Federal courts, or with Congress, to review the accuracy and sagacity of the board’s interpretation.”
Petitioner’s motion to reargue is denied; the court adheres in all respects to its decision dated January 6, 1977.